KEVIN R. LUSSIER (State Bar No. 143821)
klussier@cmlawfirm.com
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP
800 Wilshire Boulevard, 15th Floor
Los Angeles, California 90017
Tel.: (213) 689-8500
Fax: (213) 689-8501

JAMES D. WEINBERGER (admitted pro hac vice)
jweinberger@fzlz.com
COURTNEY B. SHIER (admitted pro hac vice)
cshier@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
151 West 42nd Street, 17th Floor
New York, New York 10036
Tel.: (212) 813-5900
Fax: (212) 813-5901

Attorneys for Defendants CABLE NEWS NETWORK and RAW

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

SCOTT DOUGLAS ORA, individually,

Plaintiff,

v.

CABLE NEWS NETWORK and RAW; and DOES 1 through 100 inclusive,

Defendants.

Case No.: 2:26-cv-01995-ODW-MAA

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS CABLE NEWS NETWORK AND RAW'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Date: August 3, 2026
Time: 1:30 p.m.
Remote Appearance

The Honorable Otis D. Wright II

Complaint Filed: February 25, 2026

# TABLE OF CONTENTS


TABLE OF AUTHORITIES .......... 3

PRELIMINARY STATEMENT .......... 5

ARGUMENT .......... 6

I. Standard on a Motion to Dismiss .......... 6

II. Copyright Law Background .......... 7

- A. Ownership and Works Made for Hire .......... 7
- B. Standing to Sue .......... 9
- C. Copyright Act Preemption .......... 10

III. Plaintiff Has No Standing to Sue .......... 11

- A. Plaintiff is Not the Copyright Owner of the Songs .......... 11
- B. Plaintiff is Not the Beneficial Owner of *Thanks for the Memory* .......... 12

IV. Plaintiff's Unjust Enrichment Claim is Preempted by the Copyright Act .......... 14

CONCLUSION .......... 14

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 7

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 7

*Broadcast Music, Inc. v. Hirsch*,
104 F.3d 1163 (9th Cir. 1997) .......... 10

*DRK Photo v. McGraw-Hill Global Education Holdings, LLC*,
870 F.3d 978 (9th Cir. 2017) .......... 9, 10, 12

*Daniels-Hall v. National Education Association*,
629 F.3d 992 (9th Cir. 2010) .......... 7

*G.S. Rasmussen & Associates, Inc. v. Kalitta Flying Service, Inc.*,
958 F.2d 896 (9th Cir. 1992) .......... 10

*Kodadek v. MTV Networks, Inc.*,
152 F.3d 1209 (9th Cir. 1998) .......... 11, 14

*Lin-Brook Builders Hardware v. Gertler*,
352 F.2d 298 (9th Cir. 1965) .......... 9, 13

*Martha Graham School & Dance Foundation, Inc. v. Martha Graham Center of Contemporary Dance, Inc.*, 380 F.3d 624 (2d Cir. 2004) .......... 8

*Mass Appeal Media, Inc. v. Davina Douthard, Inc.*,
13-CV-3258 (DDP)(AGRx), 2013 WL 6512945 (C.D. Cal. Dec. 12, 2013) .......... 7

*Moss v. United States Secret Service*,
572 F.3d 962 (9th Cir. 2009) .......... 7

*Ora v. Cable News Network*,
24-CV-11038 (ODW)(MAA) (C.D. Cal. Oct. 15, 2025) .......... 5

*Ora v. Cable News Network*,
No. 25-6871 (9th Cir. Jan. 28, 2026) .......... 5, 6

*Resnick v. Hayes*,
213 F.3d 443 (9th Cir. 2000)....7
*Self-Realization Fellowship v. Ananda Church*,
206 F.3d 1322 (9th Cir. 2000)....8, 9
*Siegel v. Time Warner Inc.*,
496 F. Supp. 2d 1111 (C.D. Cal. 2007)....8, 9
*Siegel v. Warner Bros. Entertainment. Inc.*,
658 F. Supp. 2d 1036 (C.D. Cal. 2009)....8
*Silvers v. Sony Pictures Entertainment, Inc.*,
402 F.3d 881 (9th Cir. 2005)....9
*Twentieth Century Fox Film Corp. v. Entertainment Distributing*,
429 F.3d 869 (9th Cir. 2005)....8
*Warren v. Fox Family Worldwide, Inc.*,
328 F.3d 1136 (9th Cir. 2003)....10

**STATUTES**

17 U.S.C. § 102....11
17 U.S.C. § 102(a)....7,
17 U.S.C. § 103....11
17 U.S.C. § 106....11
17 U.S.C. § 201(a)....7
17 U.S.C. § 201(b)....7
17 U.S.C. § 301(a)....10
17 U.S.C. § 501(b)....9, 12, 14

**RULE**

Fed. R. Civ. P. 12....6

Defendants Cable News Network, Inc. ("CNN") and Raw (together with CNN, "Defendants") move to dismiss the complaint (ECF No. 1, the "Complaint") of Plaintiff Scott Douglas Ora, ("Plaintiff"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**PRELIMINARY STATEMENT**

This Complaint in this Action asserts claims for copyright infringement and unjust enrichment by Plaintiff, who alleges that he is a beneficiary of a trust that owns certain rights of composer and lyricist Leo Robin (the "Trust"), who passed away in 1984. The Complaint alleges that Raw created and CNN aired a four-part documentary entitled *Reframed: Marilyn Monroe* which included recordings of Monroe performing three songs cowritten by Robin, *Thanks for the Memory*, *Diamonds are a Girl's Best Friend* and *Bye Bye Baby* (the "Songs") without permission from the Trust and, as a result, to Plaintiff's alleged injury.

If this sounds familiar, it should: this is Plaintiff's second attempt to bring a copyright infringement claim against Defendants. On December 23, 2024, Plaintiff, proceeding *pro se* and purportedly in his derivative capacity as trustee of the Trust, filed a virtually identical complaint against Defendants. On September 30, 2025, this Court ordered Plaintiff to show cause why his action should not be dismissed for failure to obtain representation given a trustee may not represent a trust *pro se* in federal court. Plaintiff did not obtain legal representation by the Court's deadline, and the Court therefore dismissed his action and all claims therein without prejudice on October 15, 2025. *See* Minutes (In Chambers), *Ora v. Cable News Network*, 24-CV-11038 (ODW)(MAA) (C.D. Cal. Oct. 15, 2025) (Wright, J.), Dkt. No. 36. Rather than re-filing as trustee with the benefit of counsel, Plaintiff appealed the Court's decision to the Ninth Circuit on October 28, 2025, again without legal representation. On November 26, 2025, Defendants moved to dismiss Plaintiff's appeal based on his failure to obtain legal representation; the Ninth Circuit granted Defendants' motion on January 28, 2026 and dismissed the appeal on that basis. *See*

Order, *Ora v. Cable News Network*, No. 25-6871 (9th Cir. Jan. 28, 2026) (Silverman, CJ., Paez, CJ., and H.A. Thomas, C.J.), Dkt. No. 9.1.

Now, rather than obtaining legal representation, Plaintiff has virtually copied his original complaint into the Complaint and files the same as an individual purporting to be a beneficiary of the Trust. The Trust itself has not asserted a claim in Plaintiff's new action, a clear effort to avoid the requirement to obtain counsel.

Despite this procedural tap dance, as with Plaintiff's original action, the Complaint is deficient on its face. While the Complaint alleges that Defendants created and aired the *Reframed: Marilyn Monroe* documentary which included recordings of Monroe performing the Songs co-written by Robin, the Complaint also confirms on its face that while Robin may have been a co-writer of the Songs, he was never the copyright owner thereof. Nor does the Complaint allege facts supporting Plaintiff's claim that he is a beneficial owner of copyright in any of the Songs by way of the Trust. Indeed, the Complaint confirms that Robin (and by extension his Trust, which Plaintiff purports to control and purports to be a beneficiary thereof) was neither. Because only the owner or beneficial owner of copyright can bring an action for infringement under the Copyright Act, Plaintiff lacks standing to sue and his copyright infringement claim must be dismissed for failure to state a claim. In addition, Plaintiff's new claim for unjust enrichment, also based on Defendants' purported infringement of the copyrights in the Songs, is preempted by the Copyright Act and must also be dismissed.

The Complaint must be dismissed for failure to state a claim.

## **ARGUMENT**

### **I. Standard on a Motion to Dismiss**

Rule 12(b)(6) of the Federal Rules of Civil Procedure requires dismissal where a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id*. "When considering a Rule 12(b)(6) motion, a court must 'accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff.'" *Mass Appeal Media, Inc. v. Davina Douthard, Inc.*, 13-CV-3258 (DDP)(AGRx), 2013 WL 6512945, at *2 (C.D. Cal. Dec. 12, 2013) (quoting *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000)).

That said, courts are "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). Nor are they "required to accept as true allegations that contradict exhibits attached to the Complaint or matters properly subject to judicial notice, or allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation and internal quotation marks omitted).

## II. Copyright Law Background

### A. Ownership and Works Made for Hire

Section 102(b) of the 1976 Copyright Act (the "1976 Act") provides that copyright protection subsists for "original works of authorship," 17 U.S.C. § 102(a), Section 201 of the 1976 Act also carried forward the basic principles of its predecessor, the 1909 Copyright Act (the "1909 Act") that copyright "vests initially in the author or authors of the work," that "[i]n the case of works made for hire the employer . . . is considered the author" and initial owner of copyright. 17 U.S.C. § 201(a) & (b). Courts look to the 1909 Act and law interpreting it to determine

whether works prepared prior to January 1, 1978, such as the Songs, are works made for hire. *Siegel v. Time Warner Inc.*, 496 F. Supp. 2d 1111, 1135-36 (C.D. Cal. 2007) (citing *Self-Realization Fellowship v. Ananda Church*, 206 F.3d 1322, 1325 (9th Cir. 2000), *Twentieth Century Fox Film Corp. v. Ent. Distrib.*, 429 F.3d 869, 876 (9th Cir. 2005)).

As this Court has noted:

> The 1909 Act provided that, "[i]n the interpretation and construction of this title[,] . . . the word 'author' shall include an employer in the case of works made for hire." 17 U.S.C. § 26 (repealed). "Thus, with respect to works for hire, the employer is legally regarded as the 'author,' as distinguished from the creator of the work, whom Learned Hand referred to as 'the "author" in the colloquial sense.'" *Martha Graham Sch. & Dance Found., Inc. v. Martha Graham Ctr. of Contemp. Dance, Inc.*, 380 F.3d 624, 634 (2d Cir. 2004) (citation omitted). Nowhere, however, did the 1909 Act define what was meant by "work made for hire" or "employer"; only the consequences flowing from such a designation were spelled out. The task of giving meaning to these terms was left to the courts. "Although for most of its life Section 26 was construed to extend work-for-hire status only to traditional employer-employee relationships," by way of demonstration that the work was done within the scope of one's job duties with their employer, "in the late 1960s, in limited circumstances, some courts began expanding the definition of 'employee' to cover authors outside the traditional employment relationship," to those involving "an independent contractor," but only if it could be shown that "the work was made at the hiring party's 'instance and expense.'" 2 Patry on Copyright § 5:84.6

*Siegel v. Warner Bros. Ent. Inc.*, 658 F. Supp. 2d 1036, 1057 (C.D. Cal. 2009).

As noted by the Court in *Siegel v. Warner Bros. Entertainment*, in 1965 the Ninth Circuit established the "instance and expense" test to determine whether

copyright in a work prepared by an employee is owned by the engaging party as a work for hire:

> [w]hen one person engages another, whether as an employee or as an independent contractor, to produce a work of an artistic nature, that in the absence of an express contractual reservation of the copyright in the artist, the presumption arises that the mutual intent of the parties is that the title to the copyright shall be in the person at whose instance and expense the work is done.

*Lin-Brook Builders Hardware v. Gertler*, 352 F.2d 298, 300 (9th Cir. 1965). Under the test, courts consider three factors: "(1) At whose instance was the work prepared; (2) whether the hiring party had the power to 'accept, reject, modify', or otherwise control the work; and (3) at whose expense was the work created." *Siegel*, 496 F. Supp. 2d at 1136; *see also Self-Realization*, 206 F.3d at 1326; *Lin-Brook*, 352 F.2d at 300. Although the presumption that an employment relationship satisfies the test is rebuttable, the burden is on the hired party to establish "an *express contractual reservation* of the copyright" to do so. *Id.* (emphasis added). Satisfaction of the instance and expense test means that the engaging party is the copyright owner at inception such that the creator has no rights in the work of any kind. *Lin-Brook*, 352 F.2d at 300.

**B. Standing to Sue**

Section 501(b) of the Copyright Act of 1976 establishes who has standing to sue for infringement: "The legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the [registration] requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it." 17 U.S.C. § 501(b); *see also DRK Photo v. McGraw-Hill Glob. Educ. Holdings, LLC*, 870 F.3d 978, 982-83 (9th Cir. 2017); *Silvers v. Sony Pictures Ent., Inc.*, 402 F.3d 881, 884 (9th Cir. 2005). With respect to beneficial owners,

> Although section 501(b) provides that a beneficial owner of a copyright is entitled to bring an infringement action, the Copyright Act does not define the term "beneficial owner." The classic example of a beneficial owner is "an author who ha[s] parted with legal title to the copyright in exchange for percentage royalties based on sales or license fees." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1144 (9th Cir. 2003) (quoting H.R. Rep. No. 1476, at 159); *accord Broad. Music, Inc. v. Hirsch*, 104 F.3d 1163, 1166 (9th Cir. 1997) ("Beneficial ownership arises by virtue of section 501(b) for the purpose of enabling an author or composer to protect his economic interest in a copyright that has been transferred."). By contrast, an author who receives royalties for a work created under a work-for-hire agreement, and thus who never had ownership of the work, is not a beneficial owner. *Warren*, 328 F.3d at 1144–45.

*DRK Photo*, 870 F.3d at 988.

**C. Copyright Act Preemption**

Section 301(a) of the Copyright Act provides that:

> all legal or equitable rights that are equivalent to any of the exclusive rights within the general scope of copyright as specified by section 106 in works of authorship that are fixed in a tangible medium of expression and come within the subject matter of copyright as specified by sections 102 and 103, whether created before or after that date and whether published or unpublished, are governed exclusively by this title . . . no person is entitled to any such right or equivalent right in any such work under the common law or statutes of any State.

17 U.S.C. § 301(a); *see also G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992) ("Copyright preemption is both explicit and broad.")

"A state law cause of action is preempted by the Copyright Act if two

elements are present. First, the rights that a plaintiff asserts under state law must be 'rights that are equivalent' to those protected by the Copyright Act. . . . Second, the work involved must fall within the 'subject matter' of the Copyright Act as set forth in 17 U.S.C. §§ 102 and 103." *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1212 (9th Cir. 1998).

**III. Plaintiff Has No Standing to Sue**

As set forth below, despite Plaintiff's allegations to the contrary, the evidence attached to the Complaint establishes as a matter of law that Plaintiff has no standing to sue because the copyright certificates for the Songs reveal that Leo Robin, on whose behalf Plaintiff previously purported to act and whose Trust Plaintiff now claims to benefit from, purports to act, was not the copyright owner thereof. The evidence further demonstrates that Plaintiff's allegations of beneficial ownership are completely undercut by the plain language of the employment agreement he relies upon in support of his position. Indeed, the Complaint concedes that *Thanks for the Memory* was a work made for hire and thus Robin was never the copyright owner thereof. As a result, the Complaint must be dismissed.[1]

**A. Plaintiff is Not the Copyright Owner of the Songs**

Despite the bald allegations in paragraphs 15, 23 and 29 of the Complaint that copyright in the Songs lies "in the name of Leo Robin," the appendices cited therein, attaching copyright registration certificates for the Songs, reveal otherwise. Specifically, they reveal that while Robin may have co-*written* the Songs, he was *not* the copyright *owner*: copyright in *Thanks for the Memory* is owned by Paramount Music Corporation (Complaint, Appx. B), and copyright in *Diamonds are a Girl's Best Friend* and *Bye Bye Baby* are owned by Jule Styne (*id*. Appxs. D

[1] Alternative grounds exist for dismissal, including but not limited to (1) the fact that *Bye Bye Baby* was not used in *Reframed: Marilyn Monroe*, and (2) Defendants' use of the Songs was fair use under Section 107 of the 1976 Act, 17 U.S.C. § 106. Defendants have not moved to dismiss on these grounds because Plaintiff cannot establish the threshold issue of standing as a matter of law, but reserve their right to seek dismissal or judgment on these additional bases in the unlikely event that this motion is denied.

and E). Accordingly, on the face of the Complaint, the allegations that the Trust is the legal owner of copyright in the Songs with Plaintiff having some beneficial interest therein providing him with standing to sue under Section 501(b) of the Copyright, 17 U.S.C. § 501(b), is not plausible.

**B. Plaintiff is Not the Beneficial Owner of *Thanks for the Memory***

Plaintiff also claims in Paragraphs 16-17 of the Complaint that Robin was, and that Plaintiff is now, as a beneficiary of the Trust, the "beneficial owner" of the copyright in *Thanks for the Memory*. Again, this allegation is belied by the evidence appended to the Complaint.[2] As noted above, a "beneficial owner" is an author who may have assigned his or her rights in a work to a third party for some administrative function such as royalty collection but effectively remains in control of the work. *DRK Photo*, 870 F.3d at 988. A beneficial owner cannot be someone who created a work made for hire, however, because that individual never had an ownership in interest in the first place. *Id*.

Here, as Plaintiff admits (Complaint ¶ 15), Leo Robin's agreement with Paramount Music Corporation (*id.*, Appx. C) makes clear that Robin was an employee hired to write songs, and, as a result, those Songs are works made for hire. Robin was hired to perform such service (*id*. at 1) and paid a regular salary (*id*. at 2-3). Robin was not permitted to provide similar services for others or promote his services separate and apart from what he was permitted to do by Paramount. *Id*. at 3. As to ownership, while given the employment relationship the agreement was not required to provide an unequivocal statement of copyright ownership as between employer and employee, it nonetheless removes any potential cause for disagreement:

<u>Ninth</u>: ***Any and all literary, dramatic and/or musical material,*** and any and

[2] The Complaint contains no allegations that Plaintiff is the beneficial owner of *Diamonds are a Girl's Best Friend* or *Bye Bye Baby*. If it did, however, the same analysis provided in this section would apply.

> all mechanical devices ***originated, composed, created, or designed by the Employees****,* or either of them, during the term of this agreement ***for use in, or in connection with, any motion picture photoplay****,* or for, or in connection with, any other amusement vehicle or enterprise to which the employee may be assigned pursuant hereto, ***shall be and become the sole property of the Corporation as the author thereof, and the Employee shall have no right, title and/or interest therein***, and the Corporation shall have the right to obtain copyrights, patents and/or other protection therefor and for any part thereof, in its own name or otherwise, and Employee agrees to execute, verify, acknowledge and deliver any and all papers which the Corporation shall deem necessary or advisable, to evidence, establish, maintain, protect, enforce, or defend the rights of the Corporation hereunder. The Corporation shall have the right to use, adapt and change the said work or works and combine the same with works of the Employees, or either of them, and/or other artists, and to vend, copy, publish, reproduce, record, transmit, broadcast, perform and communicate the same by any means now known or hereafter devised, either publicly and for profit, or otherwise.

*Id*. at 5 (emphasis added).

The contract attached as Appendix C to the Complaint establishes as a matter of law that Robin was an employee and never owned rights in *Thanks for the Memory* because it was a work made for hire. *See Lin-Brook*, 352 F.2d at 300 (employer is presumed to be owner of works created under employment relationship). While Plaintiff characterizes this language as creating beneficial ownership, Complaint, ¶¶ 16-17, that allegation is implausible because the agreement says otherwise. *Id*. Appx. C. And the agreement contains no express contractual reservation that would permit Plaintiff to overcome the presumption. *Lin-Brook*, 352 F.2d at 300. This is confirmed in the Complaint itself: “The contract attached as Appendix C to the Complaint establishes as a matter of law that Robin

was an employee and never owned copyrights in Thanks for the Memory because it was a work made for hire." (Complaint ¶ 15). Accordingly, Plaintiff cannot establish that Leo Robin was the beneficial owner of *Thanks for the Memory*, and therefore lacks standing to sue under Section 501(b) of the Copyright, 17 U.S.C. § 501(b).

Plaintiff's copyright claims must be dismissed.

**IV. Plaintiff's Unjust Enrichment Claim is Preempted by the Copyright Act**

Plaintiff's unjust enrichment must be dismissed because it is preempted. On its face, it is clear that the claims is an "alternate" theory of relief based on the same facts as his deficient copyright claim. First, Plaintiff captions his unjust enrichment claim as "UNJUST ENRICHMENT (Direct, Contributory, And Vicarious Copyright Infringement Against All Defendants)." (Complaint ¶ 39). Second, Plaintiff alleges that "the Plaintiff provided a benefit to the Defendants who utilized the [Songs] in [their] films. It would be unfair or inequitable for the Defendants to keep the benefit without paying for it." (Complaint ¶ 69). Such a claim is clearly preempted by the Copyright Act and thus Plaintiff's unjust enrichment claim should be dismissed for failure to state a claim upon which relief can be granted. *See Kodadek*, 152 F.3d at 1212-13 (preempting unjust enrichment claim that incorporated by reference plaintiff's copyright infringement allegations and was based solely on rights equivalent to those protected by federal copyright law).

## CONCLUSION

Because Plaintiff has not plausibly alleged that he is the legal or beneficial owner of the Songs, he lacks standing to sue for copyright infringement. Additionally, Plaintiff's unjust enrichment claim is preempted. Defendants' motion to dismiss must therefore be granted, and this case dismissed.

Dated: June 22, 2026

Respectfully submitted,

By:______________________________

James D. Weinberger
Courtney B. Shier
FROSS ZELNICK LEHRMAN & ZISSU, P.C.

-and-

Kevin R. Lussier
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP

Attorneys for Defendants CABLE NEWS NETWORK and RAW

**CERTIFICATE OF COMPLAINCE**

The undersigned, counsel of record for Defendants, certifies that this brief contains 3,217 words, which complies with the word limit of L.R. 11-6.1 and Section VII.A.3 of the Court's Procedures.

Dated: June 22, 2026

James D. Weinberger

**SIGNATURE CERTIFICATION**

I hereby certify that the content of this document is acceptable to James D. Weinberger, co-counsel for Defendants CABLE NEWS NETWORK and RAW, and that I have obtained authorization to affix his electronic signature to this document.

Dated: June 22, 2026

By:______________________________
Kevin R. Lussier
CRUSER, MITCHELL, NOVITZ, SANCHEZ, GASTON & ZIMET LLP

Attorneys for Defendants CABLE NEWS NETWORK and RAW